WELCH, Judge,
concurring in the result.
I do not disagree with the majority’s conclusion that police or sheriffs deputies have the right to approach an individual to ascertain any information that person might possess as a potential witness to a crime.
*126 However, I believe that the holding in the majority opinion goes beyond what is necessary to decide this case and reaches a conclusion that allows law-enforcement officials to improperly restrain an individual who is not himself suspected of any criminal activity but is merely thought to have been a witness to a relatively minor crime such as in this case — knocking over mailboxes — where there are no exigent circumstances involving imminent potential danger to persons or property.
The evidence presented in this case does not clearly demonstrate that Deputy Aar-ion Powers of the Jefferson County Sheriffs Department actually blocked the brown Ford Taurus automobile driven by Doucette or that Deputy Powers prevented Doucette from driving away. Powers testified that “[he] pulled up behind the [Taurus] and turned the [blue] lights on” on his patrol car. He also said that “[he] wanted to make sure [Doucette] saw me because I was behind him.”
Because of the ambiguous nature of the stop, the trial court reasonably could have determined that Doucette could have driven away but that, instead, he voluntarily chose to get out of the car to speak with Deputy Powers. In that case, Doucette’s arrest and the subsequent search of the vehicle were proper, and the motion to suppress was properly denied.
Accordingly, the majority’s holding, which in effect allows a law-enforcement official to restrain the freedom of a person who may merely be a witness to a relatively minor crime and detain the person for questioning by blocking that person’s vehicle and by using official authority, goes far beyond the issue to be determined in this case. Therefore, I concur in the result.